

# Missouri Court of Appeals

## Southern District

### Division One

STATE OF MISSOURI,     )
    )
        Respondent,     )
    )
    vs.     )     No. SD32819
    )     Filed: August 12, 2014
PATRICK L. BAKER,     )
    )
        Appellant.     )

### APPEAL FROM THE CIRCUIT COURT OF PHELPS COUNTY

Honorable William E. Hickle, Circuit Judge

### AFFIRMED

Patrick L. Baker ("Baker") appeals his conviction of the class B felony of driving while intoxicated ("DWI") in violation of section 577.010.[1] Finding no merit to Baker's claims, we affirm Baker's conviction.

### Facts and Procedural Background

Baker does not contest the sufficiency of the evidence to support his conviction. Accordingly, we set forth only those facts necessary to address Baker's single point. In doing so, we view the evidence in the light most favorable to the jury's verdict, rejecting all contrary evidence and inferences. *See* ***State v. Newberry***, 157 S.W.3d 387, 390 (Mo.App. S.D. 2005).

---

[1] All statutory references are to RSMo 2000, unless otherwise indicated.

Baker was charged by information with the class B felony of DWI in violation of section 577.010. At trial, during the State's opening statement, the prosecutor referred to the arresting officer's search of the vehicle Baker was in and his discovery of "a cup on the floorboard that had spilled that had some residue left in it that he sniffed and it smelled like rum and Coke." Baker's counsel objected and argued the prosecution failed to disclose to him the officer's findings regarding the contents or smell of the cup. The prosecutor's response was that he had disclosed this information to Baker's counsel in a conversation earlier in the week. Baker's counsel admitted the prosecution had disclosed there was a cup in the car, but suggested the prosecution failed to mention it had a substance in it, or that it smelled like rum and Coke.

The trial court took the objection under advisement, instructed the prosecutor not to mention the cup further in his opening statement, and instructed the jury to disregard the prosecutor's statement. After opening statements, the trial court again heard arguments and then inquired of Baker's counsel:

THE COURT: So what relief are you asking for?

[BAKER'S COUNSEL]: I'm asking that if the officer's allowed to testify -- I don't have an objection to the officer testifying about finding a cup. [Prosecutor] did tell me about that. I'm saying that I -- the news about the rum and Coke in it, that's news to me. And there's nothing in evidence, there's nothing in the report and so because for those reasons, I'm asking that that be excluded as a violation of Brady [sic].

THE COURT: Well, I guess there's two things we can do. One is I could exclude it.

[BAKER'S COUNSEL]: Judge, if I may, I would actually ask for a mistrial since it was already brought to the jury's attention, but if that is not granted, then I'll ask that it be excluded.

2

In ruling on the requests for relief by Baker's counsel, the trial court stated:

> THE COURT: Well, what I'm going to do is I'm going to exclude that evidence and not grant the mistrial. And so at this point what do we have? We've got opening statement, the statement was ordered to be disregarded, and I'll ask that both sides or at least that the State refrain from mentioning the fact as observed by the officer that the cup smelled of rum and Coke, although the fact that the cup was there, an empty cup, that would be admissible.

During the State's case in chief, Officer Harry Eckman ("Officer Eckman") testified he found in Baker's vehicle "a cup that had—it was partially filled with some substance." Baker's counsel objected and during the ensuing bench conference, the following colloquy occurred:

> [BAKER'S COUNSEL]: Judge, it's my understanding that the ruling of the Court was that he could mention the cup but nothing else. He just violated the rule of the Court. I'd ask that that be stricken, that there be a mistrial at this point or that he [sic] be stricken.
>
> [PROSECUTOR]: We are going again to the contents of it. That is what the issue was. You were aware of a cup that had spilled. That's what we're talking about.
>
> [BAKER'S COUNSEL]: No. No. No. No. No. No.
>
> THE COURT: Well, my ruling was that it was admissible, that there was an empty cup and there wasn't to be any characterization of the contents of the cup. Because the fact that the cup has something in it was outside of what I had wanted the evidence to be disclosed, um, I'm not going to grant a mistrial.
>
> I will, if asked by the Defense, order that the last statement by the officer be stricken and disregarded by the jury. Other than a mistrial, does the Defense request any other -- any other relief?
>
> [BAKER'S COUNSEL]: I would ask that the response be stricken from the record.
>
> THE COURT: All right.

After the bench conference concluded, the trial court ordered that the last response of Officer Eckman be stricken from the record and ordered the jury to disregard his last response.

After hearing all of the evidence, receiving instruction, and hearing closing argument, the jury found Baker guilty of DWI. The trial court, having previously determined that Baker had

3

the requisite prior offenses to be prosecuted as a chronic DWI offender, and having previously found Baker to be a prior and persistent offender, sentenced Baker to eight years' imprisonment. This appeal followed.

Baker, in his only point relied on, contends the trial court abused its discretion in overruling Baker's request for mistrial when Officer Eckman testified that a cup had been found in the car Baker was driving and it "was partially filled with some substance," along with other contentions.[2]

The issue presented for our determination is whether the trial court abused its discretion in denying Baker's request for a mistrial on the basis of Officer Eckman's testimony regarding the contents of the cup found in the vehicle Baker was driving.

## Standard of Review

"Granting a mistrial is a drastic remedy that should be used only when necessary to cure grievous prejudice." *State v. Smith*, 944 S.W.2d 901, 917 (Mo. banc 1997). "The decision to overrule a motion for mistrial will not be overturned absent a finding that the trial court abused its discretion." *Id.* This discretion is left to the trial court because "it is in the best position to determine whether the incident had a prejudicial effect on the jury." *State v. Ward*, 242 S.W.3d 698, 704 (Mo. banc 2008). "A trial court abuses its discretion when its ruling is clearly against the logic of the circumstances before it and when the ruling is so arbitrary and unreasonable as to shock the appellate court's sense of justice and indicate a lack of careful consideration." *Id*.

"[A]ppellate review of preserved error is for prejudice, not mere error, and [an appellate court] will reverse only if the error is so prejudicial that it deprived the defendant of a fair trial."

---

[2] Although Baker's point is in violation of Rule 84.04 in that it contains multiple claims of error in one point, *In re C.A.M.*, 282 S.W.3d 398, 405 n.5 (Mo.App. S.D. 2009) ("[m]ultiple claims of error in one point relied on renders the point multifarious and therefore a violation of Rule 84.04"), we review his claim *ex gratia*.

All rule references are to Missouri Court Rules (2013).

*McNeal v. State*, 412 S.W.3d 886, 892 (Mo. banc 2013) (internal quotation and citation omitted). "Trial court error is not prejudicial unless there is a reasonable probability that the trial court's error affected the outcome of the trial." *State v. Forest*, 183 S.W.3d 218, 224 (Mo. banc 2006).

## Analysis

Baker contends that the trial court abused its discretion in overruling Baker's motion for a mistrial because the prosecution elicited testimony from its witness, Officer Eckman, that violated the trial court's order excluding mention of the contents of the cup found in the car.

"We will not find that the trial court abused its discretion in refusing to grant a mistrial when it was not expressly requested to do so or when the request was for alternative relief and the judge granted one of the suggested alternatives." *State v. Sales*, 58 S.W.3d 554, 560 (Mo.App. W.D. 2001). Where defense counsel's suggested alternative relief is granted by the trial court, "[h]aving received his relief, defendant cannot . . . be heard to complain that the trial court should have gone beyond the alternative and ordered the drastic relief of mistrial." *State v. Grissom*, 642 S.W.2d 941, 946 (Mo.App. E.D. 1982). "The trial court observed the incident and [is] in a much better position than [the appellate court] to determine which of the two remedies sought was the more appropriate[.]" *Id*.

The trial court did not abuse its discretion in denying Baker's motion for mistrial. Baker's point is denied.

WILLIAM W. FRANCIS, JR., C.J., P.J. - OPINION AUTHOR

JEFFREY W. BATES, J. - Concurs

DANIEL E. SCOTT, J. - Concurs